UNITED STATES OF AMERICA,

v.

Darryl **HENDERSON** and Charod Becton, Defendants.

No. 02 CR. 451(RO).

United States District Court, S.D. New York.

Oct. 10, 2006.

David M. Rody, Katherine A Lemire, Assistant United States Attorneys (Michael J. Garcia, U.S. Attorney, S.D.N.Y.).

Avraham C. Moskowitz and Jay Schiffman, Moskowitz & Book, LLP, New York, N.Y. and Jeremy Schneider, Rothman Schneider, Soloway & Stern, New York, NY, for defendant Charod Becton.

Mark B. Gombiner and John J. Byrnes, Federal Defenders of New York Inc., New York, N.Y. and Sanford N. Talkin, Talkin, Muccigrosso & Roberts, New York, NY, for defendant Darryl Henderson.

### MEMORANDUM & ORDER

OWEN, District Judge.

I am in receipt of a joint motion by Defendants Charod Becton and Darryl Henderson in this capital case on issues regarding jury selection. Defendants seek (1) the use of a jury questionnaire; (2) punishment-related *voir dire;* (3) attorney questioning of prospective jurors; (4) individually sequestered *voir dire;* (5) employment of the "struck jury" method of jury selection; (6) a total of 30 peremptory challenges to the Defendants; and (7) bifurcation of the penalty phase. The Government submitted a letter responding to Defendants' requests. For the reasons set out below, Defendants' motions are granted in part and denied in part.

I have orally stated multiple times at various conferences and arguments that I do not intend to use a jury questionnaire. That request is now denied in writing.

Rule 24 of the Federal Rules of Criminal Procedure allows for court examination of prospective jurors. Fed.R.Crim.P. 24(a). The Court will do the questioning of jurors. The attorneys for the parties may submit further questions that the Court may ask if it considers them proper.

 Defendants wish the Court to engage in punishment-related *voir dire.* Under applicable Supreme Court precedent, in a capital case a prospective juror may be excluded for cause when the juror's views "would prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and his oath." *Morgan v. Illinois,* 504 U.S. 719, 728, 112 S.Ct. 2222, 119 L.Ed.2d 492 (1992), *quoting Adams v. Texas,* 448 U.S. 38, 45, 100 S.Ct. 2521, 65 L.Ed.2d 581 (1980). This means that any juror who "in no case would vote for capital punishment, regardless of his or her instructions," *Morgan,* 504 U.S. at 728, 112 S.Ct. 2222, and any juror "who will automatically vote for the death penalty in every case," *Id.* at 729, 112 S.Ct. 2222, is not an impartial juror and must be removed for cause. This does not, however, mean that questions seeking to determine what a prospective juror thinks about imposing the death penalty in a particular case, or upon consideration of potential evidence at the guilt or penalty phase of a capital trial, are required under *Morgan. See U.S. v. McVeigh,* 153 F.3d 1166, 1207–08 (10th Cir.1998). The Tenth Circuit, in *McVeigh,* noted some courts have held that questioning prospective jurors about specific mitigating and aggravating factors is not only *not* required by *Morgan,* but is improper. *McVeigh,* 154 F.3d at 1208. The request for "punishment-related *voir dire*" as adumbrated in the authorities is denied.

Individually sequestered *voir dire* is appropriate in this case, and will be employed.

Defendants' request to employ the "struck jury" method of selection is denied.[1]

The Federal Rules of Criminal Procedure provide for 20 peremptory challenges to each side where the government seeks the death penalty. Fed.R.Crim.P. 24(b)(1). Each side is entitled to additional peremptory challenges based on the number of alternate jurors. Fed.R.Crim.P. 24(c)(4). I decline to depart from this allocation of peremptory challenges established by the Supreme Court and Congress.

Defendants' request for trifurcated jury deliberations is denied

So Ordered.

---

**1.** *See U.S. v. Blouin,* 666 F.2d 796, 799 (2d Cir.1981) (stating "[t]he 'struck jury' system, however, is not required. Indeed, on balance it is not necessarily preferable to the 'jury box' system; it is merely different").